# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-16-0394-HE |
| ) | |
| MANTLE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis,* filed this § 1983 action alleging numerous violations of his constitutional rights. The court adopted a prior Report and Recommendation issued by Magistrate Judge Shon T. Erwin and dismissed many of plaintiff's claims. The magistrate judge has issued a second Report and Recommendation, which addresses a motion to dismiss filed by defendant David Baisden, a Captain with the Oklahoma County Sheriff's Department. The magistrate judge recommends that the court deny defendant Baisden's motion, which he concludes states a claim against the officer for failure to intervene and prevent excessive force. The magistrate judge also recommends that the court deny plaintiff's attempt to assert new claims, which he makes both in his response to defendant Baisden's motion and in an amended complaint he filed without leave of court. Both defendant Baisden and plaintiff have filed objections to the Report and Recommendation.

In his objection, defendant Baisden asserts that the magistrate judge misconstrued the complaint. He argues that its focus is not the excessive force plaintiff alleges was used to effect his arrest. Rather, defendant Baisden argues, the "kernel" of the complaint is a

collateral attack on an extradition warrant which plaintiff seeks to have overturned. Defendant Baisden also contends that plaintiff's handcuffing or hand tying claim should be dismissed because plaintiff failed to plead that he suffered more than a *de minimis* injury.

The court agrees with the magistrate judge's analysis of plaintiff's allegations. Defendant Baisden has not accorded the complaint the liberal construction to which it is entitled due to plaintiff's *pro se* status. The complaint satisfies the fair notice requirements of Fed.R.Civ.P. 8(a)[1] and states a claim for excessive force against defendant Baisden.[2] Its dismissal is not warranted under either Rule 8(a) or Rule 12(b)(6).

In his objection, plaintiff makes additional allegations and asserts new claims against defendants Baisden and Bowein, as he did in prior pleadings. *See* Doc. Nos. 42, 49. However, plaintiff has done so without leave of court. That, plus prior court rulings, were the bases for the magistrate judge's recommendation that the court disallow any additional claims against defendants Baisden and Bowein and that it strike the Amended Complaint plaintiff filed.[3]

---

[1] *Although defendant Baisden also nominally seeks dismissal pursuant to Rule 10(b), as the magistrate judge noted, he fails to explain why dismissal is required under that rule.*
[2] *Plaintiff has not alleged a separate excessive force claim based solely on handcuffing. Defendant also failed to raise the issue of de minimis injury with the magistrate judge. Generally, issues raised for the first time in an objection to the magistrate judge's recommendation are deemed waived.*
[3] *The court previously granted plaintiff leave to amend to correct certain identified deficiencies in his claims against defendants Whetsel and Mantle, but advised him he could not, when he filed his amended complaint, add new claims or parties. That did not, though, preclude plaintiff from subsequently seeking leave to amend as permitted by the Federal Rules of Civil Procedure. A plaintiff may not add new claims in responses to motions.*

Plaintiff offers no explanation as to why he failed to include the claims he seeks to add in his initial complaint, why he should be allowed at this time to expand his claims against defendants Baisden and Bowein or why he failed to seek leave to amend. Having reviewed plaintiff's proposed claims, the court also is not persuaded they could withstand a <u>Twombly</u>[4] challenge. For these reasons, the court agrees with the magistrate judge that the case should proceed on plaintiff's excessive force claims against defendants Baisden and Bowein.

Accordingly, the court adopts Magistrate Judge Erwin's Report and Recommendation [Doc. #54]. Because plaintiff has stated a valid claim for failure to intervene in the use of excessive force against defendant Baisden in his individual capacity, defendant Baisden's motion to dismiss [Doc. #37] is denied. Plaintiff's Amended Complaint [Doc. #51] is stricken. This order does not terminate the referral to the magistrate judge.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[4] <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).