# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

FRANKLIN SMITH, )
                Plaintiff, )
vs. ) NO. CIV-16-0394-HE
)
MANTLE, *et al.*, )
                Defendants. )

## ORDER

Plaintiff Franklin Smith, a state prisoner appearing *pro se* and *informa pauperis*, filed this § 1983 action against multiple defendants alleging violations of his constitutional rights. Consistent with 28 U.S.C. § 636(b)(l)(B)-(C), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. After numerous rulings, defendants Captain David Baisden, an Oklahoma County deputy sheriff, and Stacy Bowein, an Oklahoma City police officer, are the only remaining defendants in the action. Plaintiff claims defendant Bowein used excessive force when arresting him and defendant Baisden failed to intervene to prevent the exercise of excessive force. Defendant Bowein filed a motion for summary judgment based on qualified immunity, which the Magistrate Judge recommends be denied.[1] Defendant Bowein has objected to the Report and Recommendation ("Report").[2]

---

[1] *Defendant Baisden filed a separate motion for summary judgment, which is still under consideration by the magistrate judge.*

[2] *The magistrate judge noted that, while defendant Bowein had sought summary judgment on plaintiff's general claim for excessive force and a more specific excessive force claim based on handcuffing, plaintiff had not alleged a separate handcuffing claim.*

The facts are simple. Defendant Bowein arrested plaintiff on April 29, 2015, for public drunkenness. Plaintiff alleges that during the arrest Office Bowein (1) repeatedly slammed him against a police vehicle, injuring his back, (2) hit his head on the door frame of the vehicle and (3) cut off the circulation in his wrists, first, by using his backpack straps as handcuffs, and then, by handcuffing him too tightly. Doc. #1, p. 3.[3] Defendant Bowein disputes using any force to effect the arrest beyond the minimal force necessarily involved in handcuffing.

Plaintiff's excessive force claim is governed by the Fourth Amendment's objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 388 (1989); *see* Mecham v. Frazier, 500 F.3d 1200, 1203 (10th Cir. 2007). The Supreme Court laid out the test for reasonableness in Graham, which requires courts to balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). The Court recognized in Graham that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it," *id.*, and set out factors to consider when evaluating the reasonableness of the arresting officer's actions. These include: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Id.*

---

[3] *Page references to briefs and exhibits are to the CM/ECF document and page number.*

The magistrate judge concluded that material questions of facts exist which preclude summary judgment in defendant Bowein's favor. He was not persuaded by defendant's argument that "the medical records and photographs clearly refute Plaintiff's testimony that [she (defendant)] used excessive force." Doc. #78, p. 3. He therefore rejected defendant's assertion that this case fits within the Supreme Court's holding in Scott v. Harris, 550 U.S. 372, 380 (2007), that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. at 380. Rather, he concluded "neither the booking photographs nor the pre-screening booking form discredits or 'completely contradicts' Plaintiff's allegations of excessive force, as the videotape evidence did in Scott." Doc. #76, p. 10.

The magistrate judge concluded that determining whether defendant Bowein acted reasonably does not depend on the presence or absence of physical injury.[4] Rather, under Graham, the focus is on the crime committed and the arrestee's behavior. The magistrate judge emphasized that defendant did not assert that plaintiff posed an immediate threat to

---

[4] *"Generally, since Cortez v. McCauley, 478 F.3d 1108, 1114 (10th Cir.2007) (en banc)], the Tenth Circuit has required a showing of more than de minimis injury only in Fourth Amendment excessive force cases based on handcuffing." Maresca v. Bernalillo Cty., 804 F.3d 1301, 1315 (10th Cir. 2015). The court questioned in Maresca whether more than de minimis injury was required to state a § 1983 excessive force claim "raising excessive force issues beyond mere handcuff use," but it did not have to address the issue because the plaintiffs in that case presented evidence of more than de minimis injuries. Id. at 1315.*

the safety of the officers or others, and she also did not dispute plaintiff's claim that he had not tried to evade arrest or flee the scene. Therefore, the magistrate judge determined, material questions of fact exist as to whether defendant Bowein's alleged conduct --which included slamming plaintiff against the police car and hitting his head on the door frame -- was unreasonable "in relation to the threat that [plaintiff] presented and the surrounding circumstances."[5] Cortez v. v. McCauley, 478 F.3d 1108, 1131 (10th Cir.2007) (*en banc*).

In her objection, defendant Bowein challenges the magistrate judge's conclusion that a fact question exists as to whether she used excessive force, essentially because plaintiff offers no evidence that he sustained any physical injuries. *See e.g.*, Doc. #78, p. 5 ("[I]t does not take a doctor to look at a photograph and determine the subject has no bruises."). She asserts that summary judgment is warranted under Graham because the Court stated there that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham, 490 U.S. at 396 (internal quotation marks omitted). It is implausible, defendant argues, that she "used excessive force by slamming [plaintiff] into the police car, but did so 'gently' enough not to cause bruising." Doc. #78, p. 5.

---

[5] *The existence of material fact disputes distinguishes this case from Mecham, 500 F.3d at 1200, upon which defendant Bowein relies.*

Plaintiff did produce evidence of a busted lip several hours after he was arrested.[6] However, as it is not obvious in the booking photographs, it may have occurred, as defendant asserts, either after plaintiff arrived at the jail or was such a minor injury that it is not discernable in the booking photos. *See* Doc. #66-5. It does not matter, though, because the Tenth Circuit recently rejected the premise of defendant's argument in United States v. Rodella, 804 F.3d 1317 (10th Cir. 2015). In Rodella the court concluded that there is not even a "de minimis injury requirement for Fourth Amendment excessive force claims in cases which involve more than handcuffing." *Id*. at 1329. The Tenth Circuit had previously recognized that "[t]he interests protected by the Fourth Amendment are not confined to the right to be secure against physical harm; they include liberty, property, and privacy interests—a person's sense of security and individual dignity." Cortez, 478 F.3d at 1125–26 (10th Cir. 2007) (quoting Holland *ex rel*. Overdorff v. Harrington, 268 F.3d 1179, 1196 (10th Cir. 2001)).

Defendant attempts to distinguish noninjury, excessive force cases, asserting that they "typically involve a different type of force, such as holding an individual at gunpoint." Doc. #78, p. 6. She relies on the statement in Cortez, 478 F.3d at 1108, that "the absence of injury in the context of the totality of the circumstances may suggest the absence of excessive force." *Id*. at 1129 n.24. However, while, as defendant argues, the absence of

---

[6] *See Doc. No. 65-3, p. 123. Plaintiff also refer to chipped teeth. However, as defendant points out, "[t]he record noting chipped teeth is part of a Patient Health Assessment dated April 3, 2016. (Doc. No. 71-4, p. 8)." Doc. #81, p. 3.*

5

injury may "strongly suggest the force used was reasonable," Doc. #78, p. 6, it does not conclusively establish that defendant did not violate plaintiff's Fourth Amendment rights under the circumstances of this case. A reasonable jury could conclude that an officer who, when arresting an individual for public drunkenness, a nonviolent offense, repeatedly slams him against a police vehicle and shoves his face against the door trim, uses excessive force to effect the arrest when the arrestee is neither resisting arrest nor threatening anyone. *See generally* Cortez, 478 F.3d at 1130-31 (officers used excessive force when they "escort[ed] [plaintiff] from her bedroom in the middle of the night and [kept] her in a locked patrol car for nearly an hour").

While there is ample evidence in the record from which a jury might determine that defendant did not violate plaintiff's rights, that conclusion cannot be reached on summary judgment. The court agrees with the analysis of the magistrate judge that disputed material questions of fact exist as to what happened during plaintiff's arrest, which preclude summary judgment on plaintiff's excessive force claim.[7] The court therefore adopts Magistrate Judge Erwin's Report and Recommendation and denies defendant Bowein's motion for summary judgment based on qualified immunity.

---

[7] *Defendant Bowein moved for qualified immunity only on the ground there was insufficient evidence that a constitutional violation occurred. She did not assert that the right was not clearly established at the time of the alleged unlawful conduct. See* Mecham, *500 F.3d at 1204.*

**IT IS SO ORDERED**.

Dated this 16th day of February, 2018.

*[Signature]*
JOE HEATON
CHIEF U.S. DISTRICT JUDGE